### Gray's Harbor Commercial Co. v. George B. Weise and Edward J. Weise.

1.  CORPORATION OR PARTNERSHIP—*A Question of Fact.*—As to whether a person is dealing with a partnership or a corporation is a question of fact which should be submitted to a jury for its determination.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.   Heard in this court at the March term, 1899.   Reversed and remanded.   Opinion filed November 27, 1899. Rehearing denied.

Statement.—Appellees are sued as co-partners to recover the contract price of a carload of lumber.

On November 15, 1894, the agent of appellant went to the office of George B. Weise & Son, and took a written order for certain lumber, which was afterward shipped, according to the order.   The order was written upon a letter-head of " Geo. B. Weise & Son," and was signed by George B. Weise, with the name " Geo. B. Weise & Son."

The signs over the door and upon the premises were George B. Weise & Son.   Nothing about them in any way indicated a corporate character to the firm, and nothing

about the signature to the order indicated that it was made by a corporation. This order was sent to the office of the plaintiff at Cosmopolis, Washington, by the Chicago agent, and was there approved, and the carload of lumber was shipped to George B. Weise & Son, Chicago. The car arrived January 3, 1895, and George B. Weise & Son paid the freight upon it.

Shortly after receiving the lumber, the appellees wrote a letter to the agent of appellant complaining of a shortage in the carload of spruce, and that a part of it was not of full thickness. This letter was written on a letter-head, showing the individual names, George B. Weise and E. J. Weise, and the firm name, Geo. B. Weise & Son, and was signed in the same way as the order, viz., Geo. B. Weise & Son.

George B. Weise and Edward J. Weise had for several years prior to August 24, 1894, carried on and conducted business at the same place. On that date there was filed in the office of the recorder of Cook county articles of incorporation of "George B. Weise & Son." The total capital was five hundred shares, amounting to $50,000, of which George B. Weise owned 498 shares. There was no transfer or bill of sale of the property and business from appellees to the corporation. The business went on the same as before. The same parties participated in it and carried it on. The same stationery was used in the business, and the bookkeeper and agents used the same name in transacting the business.

No stationery was used showing officers of a corporation, and the name was signed without anything to indicate that a president, secretary, treasurer or any other officer of a corporation was acting.

The controverted facts are the following:

On behalf of appellant it is claimed that it dealt with the defendants as individuals and partners in the partnership of "Geo. B. Weise & Son," and that it never had any knowledge in any way or manner of a corporation doing business; while on behalf of appellees it is contended that the agent

of appellant was informed that the concern was incorporated.

The agent of appellant testified that upon taking the order he had " talked with Mr. Weise himself and his son both, and they afterward agreed to take a sample car of spruce," etc.

George B. Weise, the senior member of the firm of Geo. B. Weise & Son, testified as to the giving of the order, " I don't think anything was said about the character of our firm." He also testified that after August 14, 1894, the firm of Geo. B. Weise & Son did not transact any further business.

Alexander J. Weise, a clerk of George B. Weise & Son, testified that at the time of the giving of the order, he stated to the agent of appellant that the concern had become incorporated. This was denied by the agent of appellant. It was shown that the formation of the corporation was published in a certain trade journal, and that appellant was a subscriber to the journal.

At the close of the evidence the trial court directed a verdict for appellees, and from judgment upon the verdict this appeal is prosecuted.

FRED H. ATWOOD and FRANK B. PEASE, attorneys for appellant.

HOYNE, O'CONNOR & HOYNE, attorneys for appellees.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

A motion is presented by appellees " to expunge from the bill of exceptions " the exception shown to have been taken by appellant to the giving of the instruction to the jury directing their verdict to be for the defendants, appellees. This motion is supported by affidavits, which go to show that when the bill of exceptions was presented to counsel for appellees such exception was not contained therein. But no showing is made to the effect that it was not a part of the bill of exceptions when the same was

signed and sealed by the trial judge. The contrary does appear. The motion must therefore be denied.

The only question remaining is as to whether the trial court was warranted in peremptorily directing a verdict for the appellees. There was evidence tending to sustain the appellant's cause of action. The only defense was that a corporation, and not appellees, had dealt with appellant. But the written order given to appellant was not in the corporate name, and it was in the name of a co-partnership which had existed and done business prior to the formation of the corporation. There was no inherent impossibility in the contention of appellant that this firm still continued to do business after the formation of the corporation. The record shows that the firm name and style under which appellees transacted business as a co-partnership was " Geo. B. Weise & Son," and that the corporation was " George B. Weise & Son." If the testimony of the agent of appellant is credited, George B. Weise and his son, as individuals, entered into the contract sued on. The letter heads used in the order and in the subsequent correspondence corroborate this testimony. If the testimony of one of the witnesses called by appellees is credited, the agent dealt with a corporation. Here was an issue of fact which should have been submitted to the jury. If a verdict had been returned for appellant, we are not prepared to hold that it would not have been sustained by the evidence, nor that it would have been manifestly against the weight of the evidence. Hence the trial court erred in peremptorily directing a verdict.

The judgment must therefore be reversed and the cause remanded.